UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES     Plaintiff

v.     Criminal Action No. 3:23-cr-56-RGJ

BRYAN FOSTER     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Bryan Foster's ("Foster") motion to dismiss the firearm charge in the indictment against him as unconstitutional. [DE 79]. The United States responded. [DE 88]. This matter is ripe. For the reasons below, Foster's motion to dismiss is **DENIED**.

**BACKGROUND**

In May 2023, the United States charged Foster with one count of Possession of a Firearm by a Prohibited Person, specifically a person convicted of a crime of misdemeanor domestic violence, in violation of 18 U.S.C. § 922(g)(9). [DE 1, Indictment at 18].[1] Foster was previously convicted of two misdemeanors for "Assault in the Fourth Degree Domestic Violence Minor Injury" in Henderson County, Kentucky between 2016 and 2017. [*Id.*].

Foster argues that under *Bruen*, the firearm charge against him is unconstitutional because § 922(g)(9) conflicts with the Nation's historical tradition of firearm regulation. [DE 79 at 200]. The United States disagrees and argues that Sixth Circuit precedent upholding the statute was not overruled by *Bruen* and should control. [DE 88 at 216–17].

**DISCUSSION**

---

[1] A superseding indictment contained the § 922(g)(9) count against Foster. [DE 102 at 260–61].

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Heller* and *McDonald*, the Supreme Court expanded on what this right means and found the Second Amendment grants the "individual right to keep and bear arms" on "responsible, law-abiding citizens" and upheld the "longstanding prohibitions on the possession of firearms by felons." *D.C. v. Heller*, 554 U.S. 570, 581, 592, 626 (2008); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010). The United States Supreme Court has further explained that the Second Amendment guarantees "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022) (citing *Heller* and *McDonald*). *Bruen* also extended the protection to "an individual's right to carry a handgun for self-defense outside the home" and clarified the test for constitutionality of a regulation: "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" so "the government must demonstrate that [the] regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen,* 142 S. Ct. at 2126.

Whether a non-law-abiding citizen qualifies for Second Amendment rights was not before the Court in *Bruen*. But *Bruen* repeatedly described the Second Amendment as it applies to "law-abiding" citizens. 142 S.Ct. at 2122, 2131, 2133, 2134, 2138, 2150, 2156. And *Bruen* affirmed the Supreme Court's prior holdings in *Heller* and *McDonald*. *Bruen,* 142 S. Ct. at 2122 (noting that *Heller* and *McDonald* "recognized that the Second and Fourteenth Amendments protect the right of an *ordinary, law-abiding citizen* to possess a handgun in the home for self-defense" and holding individuals have a right to possession of a handgun for self-defense outside the home "consistent with *Heller* and *McDonald*") (emphasis added); *see also, e.g.*, *United States v. Carter*,

2

No. 22-20477, 2023 WL 3319913, at *2 (E.D. Mich. May 9, 2023) (collecting cases and noting "[t]he *Bruen* Court states that its holding was 'in keeping with *Heller*'") (citing *Bruen*, 142 S. Ct. at 2126).

In *Heller*, the United States Supreme Court held that the Second Amendment codified a preexisting "individual right to keep and bear arms" upon "responsible, law-abiding citizens." *Heller*, 554 U.S. at 581, 592. The Supreme Court also simultaneously held that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and upheld the "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. The Court reiterated this in *McDonald*. 561 U.S. 742.

The Sixth Circuit previously noted that *Heller* "theoretically could resolve" a Second Amendment challenge to 922(g)(9). *Stimmel v. Sessions*, 879 F.3d 198, 203 (6th Cir. 2018). In *Stimmel*, a pre-*Bruen* case, the Sixth Circuit ultimately held that because 922(g)(9) passed intermediate scrutiny, it was unnecessary to determine whether *Heller* controlled.[2] *Id*. Yet the court reasoned *Heller*'s admonition that it did not "cast doubt on longstanding prohibitions on the possession of firearms by felons" likely applied to 922(g)(9) in the same way it applied to 922(g)(1). *Id.* (citing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (holding 922(g)(1) constitutional under *Heller* analysis).

As stated above, *Bruen* expressly affirmed *Heller* and *McDonald*. In a recent challenge to another subsection of 922(g), the Sixth Circuit stated that rather than disturbing the existing precedent for withholding firearms from those who possess them in furtherance of drug crimes, "*Bruen* instead referred repeatedly to the rights of 'law-abiding citizens.'" *United States v.*

---

[2] *Stimmel* upheld 922(g)(9) under a means-ends analysis, which "didn't ask whether the scope of the right to keep and bear arms at ratification would've tolerated a federal proscription of firearm possession by domestic-violence misdemeanants,"— an inquiry *Bruen* now requires. *See Silvers*, 2023 WL 3232605, at *8.

3

*Burgess*, Nos. 22-1110/22-1112, 2023 WL 179886, at *5, n.2 (6th Cir. Jan 13, 2023) ("*Bruen* did not change the landscape" on "the possibility of as-applied challenges" in the Second Amendment context).[3] Further, the Supreme Court has "repeatedly addressed the reach of 922(g)(9) without questioning its constitutionality," including post-*Heller*. *See United States v. Jackson*, 622 F. Supp. 3d 1063, 1067 (W.D. Okla. 2022) (discussing *Voisine v. United States*, 579 U.S. 686, 692 (2016)). Thus, adopting the reasoning laid out in *Stimmel*, Foster's 922(g)(9) charge is constitutional under *Heller*, *McDonald*, and *Bruen*. *See United States v. Davis*, No. 5:19-CR-159-DCR, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law[]")[4]; *United States v. Gleaves*, 654 F. Supp. 3d 646, 651 (M.D. Tenn. 2023) (denying motion to dismiss a 922(g)(9) charge because *Bruen* did not overrule the Sixth Circuit's holding in *Stimmel*); *see also United States v. Farley*, No. 22-CR-30022, 2023 WL 1825066 (C.D. Ill. Feb. 8, 2023) (holding that the court "remains bound by *Heller*, its progeny, and the [Seventh] Circuit cases addressing the constitutionality of § 922(g)(9)" (internal quotation omitted) (alteration in original)); *United States v. Pettway*, No. 1:23-CR-138-TFM, 2024 WL 231843, at *3 (S.D. Ala. Jan. 22, 2024) (holding that the court was bound by Eleventh Circuit precedent upholding 922(g)(1) because *Bruen* "did not change the regulatory framework that prohibits felons from possessing firearms").

---

[3] Foster's motion to dismiss lacks argument of his insufficient dangerousness or inadequate process in the state court. [DE 79]. As a result, an as-applied challenge to 922(g)(9) is "undeveloped and therefore forfeited in this case." *United States v. Silvers*, No. 5:18-CR-50-BJB, 2023 WL 3232605, at *17 (W.D. Ky. May 3, 2023) (citing *United States v. Harris*, 429 F. App'x 543, 545 (6th Cir. 2011)).

[4] The Court is aware of another decision by this Judge which granted a motion to dismiss a 922(g)(8) charge under *Bruen*. *United States v. Combs*, 654 F. Supp. 3d 612, 619 (E.D. Ky. 2023). Because another court in this District has found 922(g)(8) to be constitutional under *Bruen*, as discussed below, this Court does not find *Combs* persuasive for purposes of the instant analysis.

Because *Heller* remains good law, the Court need not decide whether, under the *Bruen* framework, 922(g)(9) is "consistent with this Nation's historical tradition of firearm regulation." However, even applying the *Bruen* framework, the statute is constitutional.

A court in this District recently upheld a related provision, 922(g)(8), under *Bruen*.[5] In *Silvers*, the Court considered the constitutionality of withholding firearms from those subject to domestic violence protection orders. 2023 WL 3232605, at *3–14. Considering the historical record, the Court held that the Second Amendment does not guarantee gun possession for persons subject to domestic violence protection orders.[6] The analysis applies with equal force in the context of 922(g)(9).

*Bruen* held that the Second Amendment establishes a presumption of invalidity for restrictions on firearm ownership. 142 S. Ct. at 2129–30. That presumption may be overcome with a showing that a regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. "The 'historical tradition' includes regulations enacted by the states and federal government in the era of the amendment's ratification." *Silvers*, 2023 WL 3232605, at *7 (quotations in original).

At the time of Second Amendment's ratification, existing regulations suggest the limit on the "right was pegged to dangerousness." *Id.* (citing *Binderup v. Att'y Gen. of the U.S*, 836 F.3d

---

[5] The Court notes the question of the constitutionality of § 922(g)(8) is currently before the Supreme Court in the appeal of a Fifth Circuit case which held it unconstitutional under the Second Amendment. *United States v. Rahimi*, 61 F.4th 443 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023).

[6] The Court reasoned:
> The historical record reveals laws that focus on dangerousness and whose features are analogous to § 922(g)(8). These analogues overcome the presumption recognized in *Bruen*, . . . "inform the meaning of [the] constitutional text,". . . and establish "that dangerous persons likely to use firearms for illicit purposes were not understood to be protected by the Second Amendment,". . . So the federal government may, consistent with the constitutional text as understood at the time of its adoption, prohibit gun possession by those in [Defendant's] situation.

2023 WL 3232605, at *3–14 (internal citations omitted).

336, 367–74 (3d Cir. 2016) (Hardiman, J., concurring); *Kanter v. Barr*, 919 F.3d 437, 464 (7th Cir. 2019) (Barrett, J., dissenting); *Folajtar v. Att'y Gen. of the U.S.*, 980 F.3d 897, 912 (3d Cir. 2020) (Bibas, J., dissenting). Three types of laws existing at the time support this conclusion: (1) "going-armed" laws prohibiting persons from "bearing arms in a way that spreads fear or terror among the people" and requiring offenders to forfeit their arms; (2) laws disarming people presumed to be disloyal; and (3) surety statutes requiring individuals "threatening to do harm" to post a bond "before carrying weapons in public." *Silvers*, 2023 WL 3232605, at *10–11. (internal citations omitted). The consequence of posing a dangerous threat under these laws was often limitations on firearm ownership. *Id*. at *12. Further, the laws applied in both civil and criminal contexts—some could be used by "private individuals against people who had yet to be (or never would be) found guilty of a crime." *Id*.

*Silvers* held that these laws were sufficiently analogous to the prohibition in 922(g)(8) to uphold it under *Bruen*. *Id*. at 14. These historical analogues apply with even more force in the context of 922(g)(9), where the prohibited person has been convicted of a domestic violence offense. *See Donahue*, 2023 WL 4372706, at *4 (reasoning that, unlike 922(g)(8), "[s]ection 922(g)(9) requires a conviction through a criminal proceeding, which guarantees substantial protections and provides more certainty in the underlying proceeding, before disarming individuals").

It is also notable that the holding in *Silvers* is consistent with the vast majority of other courts to have considered the issue. In fact, this Court has not found a single case holding 922(g)(9) unconstitutional post-*Bruen*. *See, e.g.*, *United States v. Bernard*, No. 22-CR-03, 2022 WL 17416681, at *7 (N.D. Iowa Dec. 5, 2022) (holding 922(g)(9) is "consistent with the Nation's historical tradition of firearm regulation"); *United States v. Donahue*, No. 2:22-CR-00128-1, 2023

WL 4372706, at *3–5 (S.D. Tex. July 5, 2023) (distinguishing *Rahimi* and holding 922(g)(9) consistent with the Nation's historical tradition of firearm regulation); *United States v. Nutter*, 624 F. Supp. 3d 636, 644–46 (S.D.W. Va. 2022) (upholding facial constitutionality of 922(g)(9) under *Bruen*); *Jackson*, 622 F. Supp. 3d at 1067 (denying motion to dismiss 922(g)(9) charge under *Bruen*); *United States v. Anderson*, No. 2:21CR00013, 2022 WL 10208253, at *1 (W.D. Va. Oct. 17, 2022) (same).

The Court thus finds the challenged count of the indictment, Possession of a Firearm by a Prohibited Person under 18 U.S.C. § 922(g)(9), constitutional under the Second Amendment, and therefore **DENIES** Foster's Motion to Dismiss.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1) Foster's Motion to Dismiss [DE 79] is **DENIED**.

February 5, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Counsel of Record